**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5123-18T2

HENRY CHEN,

    Plaintiff-Appellant,

v.

PEP BOYS, INC.,

    Defendant-Respondent.

_____

Submitted May 26, 2020 – Decided July 13, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6292-18.

Ameri & Associates, attorneys for appellant (Nima Ameri, on the brief).

Sweeney & Sheehan, PC, attorneys for respondent (Christopher J. O'Connell, of counsel; Neal A. Thakkar, on the brief).

PER CURIAM

Plaintiff Henry Chen appeals from the dismissal of his complaint with prejudice pursuant to Rule 4:23-5(a)(2). In the absence of any record evidence that Chen was advised of his attorney's multiple lapses, or that the court made a sufficient effort to obtain plaintiff's counsel's compliance with the Rule, we are constrained to reverse the dismissal order, and remand for the trial court to determine whether sanctions or other appropriate conditions for reinstatement of the complaint should be imposed.

I.

Although the record is deficient in various respects, as we discuss below, we discern the following facts.

In his August 2018 complaint, Chen alleged that employees of defendant crashed his sports car, which he had left for repairs. Asserting various statutory and common law causes of action, he sought damages for the mechanical and body repairs he had to make, as well as replacement transportation costs. He attached estimates for the repairs exceeding $9000.

Defendant answered the complaint and, on September 25, 2018, propounded Form B interrogatories, and a notice to produce. After plaintiff's counsel did not timely respond, defense counsel wrote to counsel, stating that a motion would ensue if answers were not forthcoming. Having received nothing,

defendant then filed a motion to dismiss without prejudice under Rule 4:23-5(a)(1). The motion was supported by an appropriate certification of movant's counsel. Plaintiff's counsel did not respond to the motion, and the court entered the order of dismissal without prejudice on March 5, 2019. Defense counsel then served it on plaintiff's counsel. The record does not indicate that plaintiff's counsel ever advised Chen of the dismissal, as Rule 4:23-5(a)(1) requires.

On May 2, 2019, defense counsel filed a motion for dismissal with prejudice, fifty-eight days after entry of the March 5 order, although the Rule requires that a movant wait sixty days from the date of the order of dismissal without prejudice, before moving for an order of dismissal with prejudice. R. 4:23-5(a)(2). The motion was initially made returnable on May 24, 2019.

In the days preceding the return date, the court twice unsuccessfully tried to reach plaintiff's counsel by telephone, because plaintiff's counsel had not filed the certification, as Rule 4:23-5(a)(2) requires, stating that the client was previously served with the without-prejudice dismissal order, and had been served with the motion to dismiss with prejudice.[1] The court clerk sent two written notices to plaintiff's counsel, on May 22 and 23, 2019, notifying counsel

---

[1] We rely on the trial court's supplemental statement of reasons for this fact.

A-5123-18T2

to appear in court on May 24 if no opposition would be filed to the motion to dismiss with prejudice.

In a letter to the court on the return date, plaintiff's counsel stated the attorney who handled the case was "no longer with the firm," and alleged the outstanding discovery was produced the previous day. Plaintiff's counsel requested an adjournment to enable him to resolve any outstanding discovery issues with defense counsel. Plaintiff's counsel attached a confirmatory email to defense counsel dated May 23 purporting to transmit the discovery responses. Plaintiff's counsel also purported to attach for the court a copy of the discovery responses. The attachment was evidently incomplete.[2] It included the explanatory responses to the notice to produce, but not the actual produced documents. Lines at the bottom of the page of the interrogatory answers were cut off in various spots. And answers to two interrogatories were left blank. Interrogatory 9 asked for the "date upon which claimant authorized the repair of the motor vehicle," and interrogatory 10 asked for the "date on which repairs were completed." Conceivably, this information was included in the repair bill, which plaintiff purported to provide in response to interrogatory 8. However,

---

[2] We rely on the documents that plaintiff's counsel has included in plaintiff's appendix immediately following the copy of the letter to the trial judge.

we cannot be sure because counsel failed to include his document response in the record on appeal. Furthermore, as we note below, defendant's counsel later asserted that plaintiff's counsel omitted the repair bills in the disclosure to defendant.

The court adjourned the motion to dismiss with prejudice until June 11, 2019. During that time, plaintiff's counsel never filed formal opposition to defendant's motion or a motion to reinstate plaintiff's complaint, nor did counsel ever file a certification as the Rule requires, confirming that plaintiff himself was aware that his lawsuit was on the brink of dismissal. Notably, the May 2019 discovery responses that plaintiff's counsel served were accompanied by certifications from plaintiff dated December 22, 2018.

As reflected in an email exchange between defendant's counsel and plaintiff's counsel's office manager, defense counsel declined to withdraw the motion to dismiss with prejudice. Plaintiff's counsel's office manager sent an email to defense counsel purporting to confirm a conversation in which defense counsel agreed to accept plaintiff's responses as complete; and defense counsel responded that he said no such thing; rather, he said only that his associate would review the responses.

A-5123-18T2

According to the trial court's decision, defendant filed a "reply brief" in further support of its motion, noting that plaintiff had failed to file a motion to vacate the dismissal without prejudice and asserting that plaintiff's discovery responses were deficient. Defendant highlighted the non-responses to interrogatories 9 and 10; blank pages in the responses; and the failure to attach the repair bills although they were referenced in the answers.

The trial court granted the motion. The trial court reviewed the two-step process under Rule 4:23-5. The judge concluded that plaintiff failed to cure the discovery deficiency, noting that plaintiff's interrogatory answers and document production were not "fully responsive." The court also noted that plaintiff did not demonstrate that the "specific procedures for serving the order of dismissal were followed." Also, plaintiff failed to file an appropriate motion, along with payment of the restoration fee, for reinstatement of his complaint. The court relied on the statement in Rule 4:23-5(a)(2) that "[t]he motion to dismiss . . . with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated."

On appeal, plaintiff's counsel argues the trial court misapplied its discretion in dismissing the complaint with prejudice, as plaintiff supplied responsive answers to defendant's requests; to the extent he did not, he should have been given the opportunity to file more specific answers; and plaintiff's counsel should have been given the opportunity to present oral argument.

In support, counsel includes a factual recitation that attempts to blame the neglect of the file on an associate later separated from the firm; asserts that plaintiff himself met with the associate in December 2018 to review responses; plaintiff's counsel only learned of the failure to respond to discovery when the motion to dismiss with prejudice was filed; and plaintiff's counsel believed that defense counsel would have conferred with him about any deficiencies in the responses. None of these factual allegations are supported by competent evidence, such as a certification of counsel.

Plaintiff's counsel also argues that the court erred in denying a request for oral argument, although the record includes no evidence of such a request. Plaintiff's counsel contends that defendant was delinquent in responding to discovery, but, again, plaintiff provides no evidence that any discovery requests were served on defendant. By contrast, defendant's counsel certified in support

of the initial motion for dismissal without prejudice that plaintiff had not propounded any discovery requests.

## II.

We review the trial court's order for an abuse of discretion. A & M Farm & Garden Center v. Am. Sprinkler Mechanical, LLC, 423 N.J. Super. 528, 534 (App. Div. 2012). Were we satisfied that Chen was made aware of his attorney's multiple lapses, we would have no hesitation in affirming the order of dismissal with prejudice. However, Chen's attorney evidently failed to comply with the obligation to inform Chen of defendant's efforts to dismiss his lawsuit; and the trial court's effort to obtain the attorney's compliance fell short. To assure that Chen's rights are protected, we reverse and remand.

## A.

Dismissal of a complaint under Rule 4:23-5 follows a two-step process. First, the aggrieved party may move for dismissal without prejudice for non-compliance with discovery obligations. R. 4:23-5(a)(1). If the motion is granted, specific procedures for serving the order of dismissal must be followed, which we review below. Ibid. Upon providing full and responsive discovery, the delinquent party may move to vacate the dismissal without prejudice "at any time before the entry of an order of dismissal . . . with prejudice." Ibid.

8

Second, if a delinquent party fails to cure its discovery delinquency, then "the party entitled to the discovery may, after the expiration of 60 days from the date of the order, move on notice for an order of dismissal . . . with prejudice." R. 4:23-5(a)(2). The motion to dismiss with prejudice "shall be granted unless" the delinquent party satisfies two requirements: (1) "a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party and [(2)] either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." Ibid. (emphasis added).

Plaintiff failed to satisfy either of those two requirements for fending off dismissal. Plaintiff did not file a motion to vacate the previously entered order of dismissal. And, plaintiff has not demonstrated that he filed "fully responsive discovery." The Rule has dual objectives: to compel discovery, thereby promoting resolution of disputes on the merits; and granting aggrieved parties the opportunity "to seek final resolution through a dismissal process." St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008).

We recognize that a court must carefully scrutinize discovery responses submitted on the eve of a motion to dismiss with prejudice. Adedoyin v. Arc of

9

Morris Cty. Chap., Inc., 325 N.J. Super. 173, 181 (App. Div. 1999). "[I]ncomplete answers cannot be automatically considered as a failure to answer under R. 4:23-5[,]" nor can the party seeking answers "control the future course of the proceeding simply by asserting that the answers were not fully responsive." Id. at 180-81. If the court determines there is a "bona fide dispute over responsiveness or insufficiency of interrogatory answers, the judge should first identify those questions[,]" and if more complete answers are needed, the court should adjourn the motion to allow such answers, rather than dismiss with prejudice. St. James AME Dev. Corp., 403 N.J. Super. at 486; see also Zimmerman v. United Services Auto. Ass'n, 260 N.J. Super. 368, 377-78 (App. Div. 1992).[3]

However, in Adedoyin, St. James AME Dev., and Zimmerman the delinquent party filed a motion to vacate the prior dismissal order, unlike plaintiff here. Furthermore, we cannot conclude that there was a bona fide dispute over the sufficiency of plaintiff's answers. As a threshold matter, our review is hampered by plaintiff's counsel's failure to provide us with a complete

_____

[3] We reject plaintiff's argument that defendant's counsel was obliged to submit a certification that he attempted to resolve the discovery dispute before filing his motion to dismiss with prejudice. Rule 4:23-5(a)(3) expressly requires such a certification only in advance of a motion for dismissal without prejudice under Rule 4:23-5(a)(1).

set of the responses served on defendant's counsel. In particular, we lack the document production. Plaintiff was obliged to include in this appendix "such other parts of the record . . . as are essential to the proper consideration of the issues." R. 2:6-1(a)(1). "Nor are we obliged to attempt review of an issue when the relevant portions of the record are not included." Cmty. Hosp. Grp., Inc. v. Blume Goldfaden, 381 N.J. Super. 119, 127 (App. Div. 2005).

In any event, it is clear, from what has been provided, that in response to two interrogatories, plaintiff did not provide incomplete answers; he provided no answers. Responsive information conceivably may have been found in other documents, such as the repair bills. However, defendant asserted that plaintiff did not produce them, despite reference to them in the answers.

B.

Nonetheless, we are constrained to reverse the order dismissing the complaint with prejudice, because plaintiff's counsel evidently failed to apprise Chen that his lawsuit was on the brink of dismissal, and the court did not take sufficient steps to obtain compliance. The trial court is obliged to pay "meticulous attention . . . to those provisions which are intended to afford a measure of protection to the party who is faced with the ultimate litigation disaster of termination of his cause." Zimmerman, 260 N.J. Super. at 376-77.

11

Plaintiff's counsel was obliged to serve the original order of dismissal without prejudice on Chen. R. 4:23-5(a)(1). We may assume counsel failed to do so, since no such notice is included in the record, and plaintiff's counsel claimed in his letter to the trial judge that he only learned of the without-prejudice order after receiving the motion to dismiss with prejudice. Moreover, plaintiff's counsel – not the allegedly neglectful former associate – was obliged to file and serve an affidavit with the court, seven days before the return date of the motion to dismiss with prejudice, stating that Chen received the first order, and was notified that a second motion was then pending to dismiss his cause with prejudice. As no such affidavit is before us, we conclude none was filed and Chen remained in the dark.

The Rule provides for the court to take action if the delinquent party's attorney "fails to timely serve the client with the original order of dismissal . . . without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss . . . with prejudice." R. 4:23-5(a)(3). Barring "exceptional circumstances," "the court shall . . . proceed by order to show cause or take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule." Ibid.

In A & M Farm & Garden Ctr., we reversed an order of dismissal with prejudice because the court failed to take action necessary to obtain the delinquent counsel's compliance with his obligation to inform his client.

> [W]hen a court considers a motion to dismiss or suppress a pleading with prejudice, and there is nothing before the court showing that a litigant has received notice of its exposure to the ultimate sanction, the court must take some action to obtain compliance with the requirements of the rule before entering an order of dismissal or suppression with prejudice. Further, the court must set forth what effort was made to secure compliance on the record or on the order.
>
> [423 N.J. Super. at 539.]

We held that the action necessary to obtain compliance "may be as simple as having a law clerk call the attorney for the delinquent party when the court has not received the affidavit required by Rule 4:23-5(a)(2) seven days prior to the return date." Id. at 538. However, "[i]n other circumstances, the issuance of an order to show cause may be warranted." Ibid.

We recognize the trial judge attempted to obtain compliance by trying to reach plaintiff's counsel by telephone, and by ordering him to attend court on the initial return date. Thereafter, the court received plaintiff's counsel's letter. Although it asserted that discovery was provided, it failed to address compliance with the obligations to notify Chen. A week before the June 11 adjourned return

13

date, the court had still not received the required affidavit from counsel. As in A & M Farm & Garden Center, "when . . . the circumstances do not provide the court with the basis for an informed decision as to whether the rights of the litigant had been adequately protected, the court must take some action to ensure that is the case." Id. at 539. As the court's actions fell short, we are constrained to reverse the order of dismissal.

We remand for the court to consider anew defendant's motion to dismiss the complaint with prejudice, while allowing defendant to supplement its motion papers as it deems appropriate, and allowing plaintiff to file any additional supplemental papers he deems appropriate. The court shall establish a reasonable schedule for the filing of any supplemental papers and for oral argument on the motion. We do not foreclose plaintiff from serving fully complete answers to the outstanding discovery demands or from filing a motion to vacate the previously entered order of dismissal. See R. 4:23-5(a)(2). If, on remand, plaintiff's counsel fails to serve the original order of dismissal without prejudice on plaintiff, see R. 4:23-5(a)(1), or "fails to file and serve the affidavit required by [Rule 4:23-5(a)(3)], or fails to appear on the return date of the motion to dismiss," the court shall comply with the requirements of Rule 4:23-5(a)(3) in its disposition of defendant's motion.

Upon remand, plaintiff's counsel's past lapses, as well as any lapses that occur following remand, "may be adequately addressed by the imposition of other appropriate sanctions, such as attorney's fees and costs, if deemed appropriate by the trial court." Ibid. The trial court shall determine, in its discretion, "whether sanctions or other conditions for reinstatement of the complaint should be imposed[,]" including service of complete and responsive answers to defendant's discovery demands. Id. at 540.

Although plaintiff has prevailed in securing reversal of the order dismissing his complaint with prejudice, the costs of appeal shall be taxed by the clerk on plaintiff's counsel. R. 2:11-5.

Finally, plaintiff's counsel shall serve Chen with a complete copy of our decision by regular and certified mail within seven days of its issuance, and shall file with the trial court, and serve on defendant's counsel, a certification of such service.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5123-18T2